## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CODY L. COMPTON, PATRICK PATTISON, JOHNNY NEIL SPENCER, and MISTI WORTHAM, on behalf of themselves and other similarly situated )))))) | |
| Plaintiffs, )) | |
| v. ) | Case Number CIV-04-0211-C |
| ) | |
| WELLS FARGO FINANCIAL ACCEPTANCE OKLAHOMA, INC., et al., )))) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

Now before the Court is Plaintiffs' Motion for Leave to Join Parties and Amend Complaint. Defendants filed a response, to which Plaintiffs filed a reply. The Court considered the submissions of the litigants and now **GRANTS** Plaintiffs' motion and **STRIKES** as moot Defendants' Second Motion to Dismiss with Prejudice.

### BACKGROUND

Plaintiffs bring this action under the Fair Labor Standards Act (FLSA) and allege that Defendants failed to pay overtime for work performed in excess of the statutorily mandated forty-hour work week. The Court previously dismissed the Non-Oklahoma Defendants[1] on the ground that Plaintiffs lacked standing to prosecute an action against them. (Dkt. No. 41.)

---

[1] The Non-Oklahoma Defendants are Wells Fargo Financial Acceptance Arizona, Inc.; Wells Fargo Financial Acceptance Kansas, Inc.; Wells Fargo Financial Acceptance Colorado, Inc.; Wells Fargo Financial Acceptance New Mexico, Inc.; and Wells Fargo Financial Acceptance Utah, Inc.

In turn, Plaintiffs filed a Second Amended Complaint against the Non-Oklahoma Defendants and Wells Fargo Financial Acceptance Oklahoma, Inc. (collectively, Defendants). (Dkt. No. 50.) The Non-Oklahoma Defendants filed another motion to dismiss, again premised on Plaintiffs' lack of standing (Dkt. No. 57). During the pendency of the Non-Oklahoma Defendants' second motion, Plaintiffs moved the Court for leave to file a third amended complaint in order to assert claims against two new defendants—Wells Fargo Financial Acceptance, Inc. (WFFA), and Wells Fargo Financial, Inc. (WFF)—and make new factual allegations against the existing Defendants.

## DISCUSSION

The focal point of this dispute is Plaintiffs' ability under FED. R. CIV. P. 15(a) to file a third amended complaint. Defendants argue that the Court should deny Plaintiffs leave to file a third amended complaint on the grounds of futility and untimeliness. The Court is not persuaded.

The purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. To fulfill this purpose, Rule 15(a) declares that once the permissive period has expired Plaintiffs may amend their complaint either by leave of Court or by Defendants' written consent.[2] If Plaintiffs seek leave of Court, it is to be freely given as justice so requires. Rule 15(a). In Foman v. Davis,

---

[2] The Court reminds Plaintiffs of their duty to follow the Local Court Rules. Woods Constr. Co. v. Atlas Chem. Indus., Inc., 337 F.2d 888, 891 (10th Cir. 1964). LCvR7.2(j) requires Plaintiffs to inform the Court in their motion to amend whether Defendants object to the motion. In this instance, the Court waives the requirements of LCvR7.2(j) as it is clear from Defendants' Response that they do object to the motion. LCvR1.2(c).

371 U.S. 178, 182 (1962), the Supreme Court emphasized that "this mandate is to be heeded" absent, inter alia, futility or untimeliness.

**I.     Defendants' Arguments Against Granting Leave to File.**

   A.     <u>Futility and the Third Amended Complaint.</u>

Defendants contend that the Court should deny as futile Plaintiffs' motion for leave to amend as Plaintiffs' proposed third amended complaint could not survive a motion to dismiss for it fails to state a claim upon which the Court may grant Plaintiffs relief. Specifically, Defendants argue[3] that the third amended complaint fails to state a claim because Plaintiffs still lack standing to bring an action against the Non-Oklahoma Defendants, WFFA, and WFF. Defendants are correct in asserting that the Court may deny as futile any proposed amendment that cannot withstand a Rule 12(b)(6) motion. <u>Ketchum v. Cruz</u>, 961 F.2d 916, 920 (10th Cir. 1992). As a result, the Court analyzes Plaintiffs' proposed third amended complaint as if it were before the Court under Rule 12(b)(6).

The standard for adjudicating a Rule 12(b)(6) motion is well known. Rule 12(b)(6) authorizes the Court to dismiss any claim made by Plaintiffs where it appears beyond doubt that the claim is legally insufficient, that is, Plaintiffs can prove no set of facts sustaining the claim and entitling them to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). The Court assumes all well-pleaded facts are true, views those facts in the light most favorable to Plaintiffs, and resolves all reasonable inferences in favor of Plaintiffs. <u>Seamons v. Snow</u>, 84

---

[3] In Defendants' response to Plaintiffs' motion for leave to amend, Defendants refer the Court to arguments contained in their second motion to dismiss.

F.3d 1226, 1231-32 (10th Cir. 1996). In addition to well-pleaded facts, the Court "may review 'mere argument contained in a memorandum in opposition to dismiss'" as well as undisputed documents cited in the third amended complaint which are fundamental to Plaintiffs' claims. County of Santa Fe v. Pub. Serv. Co., 311 F.3d 1031, 1035 (10th Cir. 2002) (quoting Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991)).

Here, Plaintiffs' third amended complaint could withstand a Rule 12(b)(6) motion as the complaint alleges facts sufficient to demonstrate standing. The burden of demonstrating the jurisdictional issue of standing is relatively light at this early stage of litigation because the Court presumes that Plaintiffs' general factual allegations of injury stemming from Defendants' conduct "embrace those specific facts that are necessary to support the claim." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990)). Plaintiffs have shouldered the burden by alleging in their third amended complaint that they suffered an actual, concrete, and particularized injury (Pls.' Mot., Dkt. No. 81, Ex. A ¶¶ 17, 23, 26) that is causally connected and traceable to Defendants' actions (id. ¶¶ 11, 12, 22, 25, 26, 28).[4] See Defenders of Wildlife, 504 U.S. at 560-61 (listing the elements of standing). Plaintiffs' alleged injury is also easily redressable by a favorable decision. Id. Consequently, at this stage of the litigation the Court is satisfied

---

[4] Defendants invite the Court to look at documents outside the third amended complaint. Defendants' documents, however, are not documents specifically cited to in the third amended complaint. Therefore, contrary to Defendants' arguments, the documents are outside the viewing scope of a Rule 12(b)(6) motion and the Court declines Defendants' invitation. Pub. Serv. Co., 311 F.3d at 1035. At this juncture, the Court need not go outside the four corners of the third amended complaint to find that Plaintiffs have standing.

that Plaintiffs have standing to pursue an action against each Defendant contained in the third amended complaint.[5]  Alexander v. Anheuser-Busch Cos., Inc., 990 F.2d 536, 538 (10th Cir. 1993).

    B.    <u>Untimeliness and the Third Amended Complaint.</u>

Lastly, Defendants contend that the Court should deny as futile Plaintiffs' motion for leave to amend on the ground of untimeliness because Plaintiffs should have known of the facts upon which the amended complaint rests but failed to include them in previous versions of their complaint.  Here, the litigants have conducted little, if any, discovery and a trial date has not been set.  Therefore, in light of the foregoing facts and the Supreme Court's urging to heed Rule 15(a)'s mandate to freely grant leave when justice so requires, the Court finds that Plaintiffs' third amended complaint is not untimely.

**II.    Effect of the Court's Order on Defendants' Second Motion to Dismiss.**

"When a petition is amended by leave of the court, the cause proceeds on the amended petition."  Washer v. Bullitt County, 110 U.S. 558, 562 (1884); Miller, 948 F.2d at 1565 ("[W]e look to plaintiff's amended complaint filed pursuant to Rule 15(a) because the amended complaint supersedes the original.").  As a result, Non-Oklahoma Defendants' second motion to dismiss Plaintiffs' second amended complaint is now moot.

---

[5] Standing is "jurisdictional in nature," thus it is open for review at each stage of litigation. Alexander v. Anheuser-Busch Cos., Inc., 990 F.2d 536, 538 (10th Cir. 1993).  "Nothing in this opinion would preclude defendants from seeking a motion for summary judgment for lack of standing if plaintiffs are unable to establish a factual basis for their complaint after they have been afforded a fair opportunity to develop the facts."  Riggs v. City of Albuquerque, 916 F.2d 582, 586 (10th Cir. 1990).  See Defenders of Wildlife, 504 U.S. at 561; State of Utah v. Babbitt, 137 F.3d 1193, 1216 (10th Cir. 1998).

## CONCLUSION

For the reasons delineated above, the Court finds that the filing of Plaintiffs' third amended complaint would be neither futile nor untimely. The Court GRANTS Plaintiffs' Motion for Leave to Join Parties and Amend Complaint (Dkt. No. 81); Plaintiffs are to file the third amended complaint within five days from the date of this Order. Non-Oklahoma Defendants' Second Motion to Dismiss with Prejudice (Dkt. No. 57) is STRICKEN AS MOOT.

IT IS SO ORDERED this 27th day of June, 2005.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge